# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EDWARD ROBINSON, JR.,

    Plaintiff,                                            CASE NO. 10-CV-11246

v.                                                    HONORABLE GERALD E. ROSEN

MATTHEW SCHNEIDER, *et al.*,

    Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

## I. INTRODUCTION

Plaintiff Edward Robinson, Jr., a federal inmate currently confined at the Sandstone Federal Correctional Institution in Sandstone, Minnesota, has filed a *pro se* civil rights complaint, pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 390-97 (1971), against the federal prosecutor and a number of federal and state law enforcement officers who were involved in Plaintiff's prosecution and conviction on drug and weapons charges. Plaintiff has been granted leave to proceed *in forma pauperis,* and the matter is now before the Court for a determination whether Plaintiff's complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B).

In his *pro se* complaint, Plaintiff challenges certain events and circumstances surrounding his arrest, trial, and conviction of federal drug and weapons offenses. He was criminally prosecuted in this District before the undersigned.[1] In his present complaint, he alleges that: (1)

---

[1] The present § 1983 suit was originally assigned to Judge Paul D. Borman, but has since been reassigned to this Court as a companion to Plaintiff's underlying criminal case. In this underlying case, Case No. 04-80423, Plaintiff filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, but the Court recently denied this motion in an April 27, 2010 order adopting

Assistant United States Attorney Matthew J. Schneider fabricated evidence and elicited perjured testimony at his criminal trial, (2) FBI Agent Deon Hogan falsified reports, fabricated evidence, and gave perjured testimony, (3) the Detroit Police Department failed to properly train its officers, (4) Detroit Police Officer Jerold Blanding attempted to murder him, falsified reports, and gave perjured testimony, and (5) Detroit Police Officers Don Eastman, Sergeant Joseph Harris, and Mike Deacon falsified reports, fabricated evidence, and gave perjured testimony. Plaintiff contends that these Defendants violated his rights under the United States Constitution, and he seeks immediate release and monetary damages.

For the reasons stated below, the Court find that Plaintiff's claims are subject to summary dismissal as barred by the applicable statute of limitations and on other grounds. The Court further finds that an appeal cannot be taken in good faith.

## II. ANALYSIS

### A.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege or immunity secured by the Federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. Absent either element, a section 1983 claim will not lie. *Hakken v. Washtenaw County*, 901 F. Supp. 1245, 1249 (E.D. Mich. 1995). A *pro se* civil rights complaint is to be construed liberally. *Middleton v. McGinnis*, 860 F.Supp. 391, 392 (E.D. Mich. 1994). Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before

---

a Magistrate Judge's Report and Recommendation. *See Robinson v. United States*, No. 04-80423 (E.D. Mich. Apr. 27, 2010).

2

service on the defendant if it determines that the action is frivolous or malicious, that it fails to state a claim on which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Brien*, 974 F.Supp. 635, 636 (E.D. Mich. 1997).

**B.**

The instant complaint is subject to *sua sponte* dismissal because it is untimely. The Court has discretion to raise the statute of limitations issue *sua sponte* in screening a civil rights complaint. *See Scruggs v. Jones*, No. 03-5813, 86 F. App'x 916, 917 (6th Cir. Feb. 3, 2004) (affirming district court's *sua sponte* dismissal of civil rights complaint on statute of limitations grounds); *Watson v. Wayne Co.*, No. 03-1825, 90 F. App'x 814, 815 (6th Cir. Jan. 26, 2004) (court may *sua sponte* raise statute of limitations issue when the defense is apparent on face of the pleadings) (citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2nd Cir. 1995)). The United States Supreme Court has directed the federal courts to apply the most analogous state personal injury statute of limitations to claims brought under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). The general three year statute of limitations for personal injury and property damage set forth at MICH. COMP. LAWS § 600.5805(10) is the appropriate limitations period to be applied to § 1983 claims brought in Michigan. *See Chippewa Trading Co. v. Cox,* 365 F.3d 538, 543 (6th Cir. 2004); *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986).

In the present case, Plaintiff challenges the lawfulness of his arrest on May 12, 2004. He further complains about events leading to this arrest which occurred on April 21 and 22, 2004. Finally, he alleges that perjured testimony was given on August 11, 2005 and January 18, 2006, which ultimately led to his conviction by a jury on January 24, 2006. Yet, Plaintiff did not file

3

the present § 1983 suit until March 29, 2010, over four years after the latest of the events giving rise to his claims. These claims, then, have been untimely brought, and are therefore dismissed.

**C.**

Even if Plaintiff's claims were not subject to dismissal on statute of limitations grounds, they would fail for a number of other reasons. First, in support of his claims against Assistant United States Attorney ("AUSA") Matthew Schneider, Plaintiff alleges that this federal prosecutor introduced purportedly fabricated evidence of a controlled buy at a pretrial hearing and elicited perjured testimony at Plaintiff's criminal trial. AUSA Schneider, however, is absolutely immune from suit arising from the actions taken in his prosecutorial role in pursuing criminal charges against Plaintiff.

It is well established that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under [42 U.S.C.] § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (footnote omitted); *see also Van de Kamp v. Goldstein*, 129 S. Ct. 855, 861 (2009); *Spurlock v. Thompson*, 330 F.3d 791, 796-97 (6th Cir. 2003). This immunity extends to all activities that are "intimately associated with the judicial phase of the criminal process," *Imbler*, 424 U.S. at 430, and thus shields a prosecutor from liability for such alleged misconduct as "the knowing use of false testimony and the suppression of material evidence at [a] criminal trial," *Spurlock*, 330 F.3d at 797. Absolute prosecutorial immunity is not strictly limited to "the act of initiation itself and to conduct occurring in the courtroom," but encompasses any activities "undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial," including "the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial." *Buckley v. Fitzsimmons*, 509

4

U.S. 259, 272-73 (1993).

Plaintiff's allegations of misconduct by AUSA Schneider rest exclusively upon core prosecutorial functions that are protected by absolute immunity. First, to the extent that Plaintiff alleges that AUSA Schneider knowingly elicited false testimony at Plaintiff's criminal trial, such conduct is shielded by absolute prosecutorial immunity. *See Imbler,* 424 U.S. at 416, 430-31; *Spurlock,* 330 F.3d at 797. Likewise, AUSA Schneider's presentation of evidence at a pretrial hearing was activity "connected with the initiation and conduct of a prosecution," and therefore is also protected by absolute immunity. *Burns v. Reed,* 500 U.S. 478, 492 (1991). Accordingly, this provides a separate basis for the summary dismissal of Plaintiff's claims against AUSA Schneider.

**D.**

Plaintiff's claims against the Detroit Police Department ("DPD") also are subject to summary dismissal on the ground that the DPD is not a proper party to this suit. A municipal "police department is not a legal entity against wh[ich] a suit can be directed." *Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc.*, 803 F. Supp. 1251, 1256 (E.D. Mich. 1992). The DPD has specifically been found to be "merely a creature of the City of Detroit," which would be the proper defendant in this case. *Pierzynowski v. Police Department City of Detroit*, 941 F.Supp. 633, 637 n.4 (E.D. Mich. 1996). Furthermore, the DPD is not a proper § 1983 defendant. *See Laise v. City of Utica*, 970 F.Supp. 605, 608 (E.D. Mich. 1997).

Alternatively, to the extent Plaintiff would seek to hold the City of Detroit liable for the actions of its Police Department, the City may not be sued under a theory of vicarious liability. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Rather, the City may be sued under § 1983

for injury inflicted by its employees only if the execution of an official policy or custom caused the alleged deprivation of constitutional rights. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). In this case, Plaintiff has not identified a municipal policy or custom and linked that policy or custom to an alleged violation of his rights. Therefore, any claims Plaintiff might be asserting against the City of Detroit and its Police Department are subject to dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**E.**

Finally, Plaintiff's complaint against the above-named Defendants is also subject to dismissal because his claims necessarily entail a challenge to the grounds for his conviction and continued incarceration, and thus may not be pursued under 42 U.S.C. § 1983. A claim under § 1983 provides an appropriate remedy for a prisoner challenging a condition of his confinement, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), but not the validity of his continued imprisonment, *see Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In particular, *Heck* holds that a prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continued confinement invalid, unless and until his conviction has been reversed on direct appeal, expunged by executive order, or declared invalid or called into question by a court with the authority to make such a determination. *Heck,* 512 U.S. at 486-87. This holds true regardless of the relief sought by the plaintiff. *Heck,* 512 U.S. at 487-89. *Heck* and other related Supreme Court precedents, "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would

6

necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *see also Robinson v. Jones,* 142 F.3d 905, 906-07 (6th Cir. 1998) (confirming that this rule applies as well in civil rights suits brought by federal prisoners under *Bivens*).

In this case, Plaintiff essentially alleges that he has been imprisoned for a crime that he did not commit. The crux of Plaintiff's claims is that he was unconstitutionally arrested, charged, and prosecuted for the federal offenses that have brought about his present incarceration. According to Plaintiff, Defendants prepared false police reports, fabricated evidence, and gave or elicited perjured testimony, resulting in his conviction and imprisonment. A judgment in favor of Plaintiff on these claims would therefore imply the invalidity of his conviction. Plaintiff's conviction has not been overturned, declared invalid, or otherwise set aside. Thus, Plaintiff's § 1983 and *Bivens* claims are barred by *Heck,* and are subject to dismissal on this ground.[2]

---

[2]The Court further notes that many (if not all) of the constitutional challenges raised in Plaintiff's present suit were advanced in the course of the pretrial proceedings and trial in his underlying criminal case. For example, Plaintiff claims in this case that a search that led to his 2004 arrest was based upon a purportedly false report of an allegedly non-existent controlled drug purchase, but he advanced precisely the same contention in a pretrial motion to suppress during the criminal proceedings. To the extent that the Court ruled against Plaintiff on these constitutional challenges during the course of the criminal proceedings, he is barred by principles of issue preclusion from relitigating the lawfulness of his arrest and conviction in the present suit. *See Allen v. McCurry,* 449 U.S. 90, 103-04 (1980).

## III. CONCLUSION

For the reasons set forth above,

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's civil rights complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Additionally, the Court concludes that an appeal from this ruling would be frivolous, and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: June 30, 2010

I hereby certify that a copy of the foregoing document was served upon Edward Robinson, Jr., #32744-039, FCI Sandstone, P.O. Box 1000, Sandstone, MN 55072 on July 1, 2010, by ordinary mail.

s/Ruth A. Gunther
Case Manager